UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-14069-CR-MARTINEZ/LYNCH(s)

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JEFF JUNIOR HOLLAND,

    Defendant.

_____/

FILED by _____ D.C.

MAR 13 2012

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - FT. PIERCE

# REPORT AND RECOMMENDATION ON APPROPRIATENESS OF COUNSEL'S CJA VOUCHER FOR ATTORNEY'S FEES [VOUCHER #FLS 10-5190]

**THIS CAUSE** having come on to be heard upon the aforementioned CJA Voucher as referred by the District Court on March 1, 2012, and this Court having reviewed the voucher, the submissions in support thereof filed by Deric Zacca, Esquire, as attorney for the Defendant, as well as a copy of Mr. Zacca's letter of explanation concerning the nature of the case, and this Court noting that the voucher has been reviewed by the CJA Case Administrator, this Court recommends to the District Court as follows:

    1.    Counsel for the Defendant seeks reimbursement of $27,050.00 as attorney's fees for tasks performed and hours spent as set forth in the voucher and the attachments at the rate of $125.00 per hour. Additionally, counsel seeks $2,924.66 as travel expenses, bringing the total amount sought to $33,574.66.

    2.    This Court has reviewed the voucher as well as Mr. Zacca's letter, and is otherwise familiar with this case after having handled most of the pre-trial proceedings. It is not necessary for this Court to conduct an evidentiary hearing based on this Court's

familiarity with the case. Further, this is an administrative decision as opposed to an adversarial proceeding. United States v. Griggs, 240 F.3d 974 (11th Cir. 2001).

3. The attorney's fees sought by Mr. Zacca exceed the statutory cap set forth in 18 U.S.C. §3006A(d)(3). As a result, this Court must determine whether the matter is "extended" or "complex" as defined in that statute. An extended case is defined as one requiring more time than normal. A complex case is defined as one involving facts unusual so as to justify expenditure of more time, skill and effort than normal.

4. The Defendant Holland was charged originally by Indictment in all seven counts set forth in the Indictment. Those charges were conspiracy to commit robbery, attempt to commit robbery, conspiracy to possess with intent to distribute five kilograms or more of cocaine hydrochloride, attempt to possess with intent to distribute five kilograms or more of cocaine hydrochloride, conspiracy to use and carry a firearm during and in relation to a crime of violence/drug trafficking crime, knowingly carrying a firearm during and in relation to a crime of violence/drug trafficking crime, and possession of a firearm by a convicted felon. Mr. Zacca was appointed to represent the Defendant in August of 2010 and served as counsel through the Defendant's sentencing in December of 2011. This Court notes that the case went to trial which lasted four days. At the conclusion of the jury trial, the Defendant was convicted of all counts.

5. On or about December 8, 2011, Judge Martinez sentenced the Defendant to 210 months as to Counts 1, 2, 3, 4 and 5; 120 months as to Count 7, all to be served concurrently with each other; and 60 months as to Count 6 to run consecutive to the other counts. There was also a period of supervised release and other particular provisions set forth in Judge Martinez' sentencing.

6.  Based upon this Court's independent review of the court docket as well as being familiar with other pretrial matters and CJA voucher applications by co-counsel, there appear to have been at least eleven discovery responses by the government. The discovery was voluminous and included compact disks and videos. This is in addition to numerous pages of investigative reports.

7.  The attachments Mr. Zacca provides to his voucher to substantiate his time, do appear to set forth reasonable tasks which were necessary to be performed in a case of this nature. The only question this Court has is concerning legal research. Mr. Zacca is seeking reimbursement for 43.8 hours of legal research. This case was not novel or unusual. It may have involved co-defendants, several counts in an indictment, and a four day jury trial. However, there were no novel, unique, or unusual matters which would require extensive legal research. Further, Mr. Zacca regularly appears before this Court in criminal matters and is well versed in the area of federal criminal trial practice. Therefore, this Court is going to reduce the legal research to a total of 10 compensable hours.

8.  In determining whether or not the matter is complex, this Court must look to the underlying charges for which the Defendant was originally indicted. Those charges are serious and involved covert meetings with undercover officers. It was necessary for Mr. Zacca to prepare defenses for each of those counts as set forth in the Indictment. As stated previously, the tasks performed by Mr. Zacca appear to be reasonable and necessary in light of the charges, with the exception of the legal research time which this Court has already addressed.

9. This Court finds that the nature of the case was complex and extended as defined by the statute. The case took over a year from the date of Mr. Zacca's initial appointment until final sentencing. The issues were sufficiently complex in nature as defined in the statute. Based upon the time reductions for legal research, this Court reduces the 216.4 hours of out-of-court time by 33.8 hours, which results in total out-of-court hours of 182.6. This combined with the 28.8 hours of in-court time brings a total of attorney's fees hours to be 211.4 hours. Multiplying that figure times $125.00 an hour brings a total attorney's fees of $26,425.00.

10. This Court has reviewed the travel expenses and the documentation filed in support thereof. As adjusted by the CJA Case Administrator, that amount if $2,924.66. This Court finds no deductions which should be made from those expenses and Mr. Zacca should be entitled to full reimbursement for those amounts. This would bring the total amount due under this voucher to be $29,349.66.

11. This Court appreciates the willingness of private counsel to accept appointment under the Criminal Justice Act to provide competent representation of indigent individuals who would otherwise be entitled to representation by the Office of the Federal Public Defender but for a conflict of interest. However, this Court cannot ignore the fact that the Criminal Justice Act was never intended to provide full compensation for an attorney's services or to provide fees equal to those charged in private practice. The Act was intended to provide indigent defendants with meaningful representation by competent counsel. <u>United States v. Pena</u>, 2011 WL 5102042 (S.D. Fla. 2011).

12. The Court has a gatekeeper function in respect to balancing the right of court appointed counsel to receive adequate compensation for representation given to a

particular indigent defendant as provided by statute against the realization that there are limited CJA funds available in this District and nationwide for such services. In doing so, this Court must make certain that CJA counsel is adequately compensated even if that compensation does not equal what could have been obtained in the private sector. United States v. Carpenter, 2011 WL 1099891 (S.D. Fla. 2011).

**ACCORDINGLY,** this Court recommends to the District Court that the CJA Voucher #FLS-10-5190 be **GRANTED** in the amounts set forth herein as adjusted by this Court's review, and that Mr. Zacca be awarded the sum of $26,425.00 in attorney's fees and travel expenses in the amount of $2,924.66, for a total of $29,349.66.

The parties shall have fourteen (14) days from the date of this Report and Recommendation within which to file objections, if any, with the Honorable Jose E. Martinez, the United States District Judge assigned to this case.

**DONE AND SUBMITTED** this ___ day of March, 2012, at Fort Pierce, Northern Division of the Southern District of Florida.

FRANK J. LYNCH, JR.
UNITED STATES MAGISTRATE JUDGE

Copies furnished:
Hon. Jose E. Martinez
Deric Zacca, Esq.
Lucy Lara, CJA Case Administrator